UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DENNIS BURRESON,

        Plaintiff,

  v.

BASF CORP.,

        Defendant.

No. 2:13-cv-0066 TLN AC

ORDER

On August 20, 2014, the Court held a hearing on defendant's July 21, 2014 motion to preclude plaintiff form eliciting opinion testimony from certain expert witnesses. Joseph Salazar and Li Watkins appeared for defendant BASF Corporation ("BASF"). Plaintiff did not make an appearance. On review of the motion and the parties Joint Statement re Discovery Disagreement, THE COURT FINDS AS FOLLOWS:

                      RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

A.    Relevant Procedural Background

This action was initiated on January 10, 2013 and is proceeding on a first amended complaint filed June 24, 2013. A scheduling order issued on September 16, 2013, setting forth the following relevant dates: non-expert discovery deadline, May 2, 2014; deadline for expert disclosures, July 2, 2014; dispositive motion deadline, heard by November 6, 2014 (motion must be filed on or before September 11, 2014); and jury trial, April 13, 2015. ECF No. 25.

B.    Relevant Dispute Background

Plaintiff, one of the first perennial crop farmers to grow blueberries in Glenn County, California, claims that did not see the returns in blueberry production that he was expecting and alleges that Pristine, a fungicide manufactured and distributed by defendant BASF, is responsible for the perceived shortfall. Some of the issues involved in this case are whether Pristine could have caused the alleged damages, what yields plaintiff could have reasonably expected, and what blueberries were selling for each year from 2006-2014. The instant dispute concerns the adequacy of plaintiff's Rule 26 disclosure of five "non-retained" experts on these disputed issues.

On October 17, 2013, plaintiff served his Initial Disclosures on defendant, which included a summary of the entire witness testimony plaintiff expected to utilize at trial, including both non-retained and retained experts. Pl.'s Opp'n to Mot. to Strike Expert Designations, Ex. 1. As for non-retained experts, plaintiff identified himself; his son, Heath Burreson; Tom Avinelis; and Gregory Willems.

On November 15, 2013, defendant served discovery requests on plaintiff, including a set of interrogatories, Number Five of which specifically asked plaintiff:

> If any of the allegations of YOUR First Amended Complaint are supported in whole or in part by expert opinion, then please STATE: (a) the identity of each Person whom YOU expect to call as an expert witness at trial; (b) the professional qualifications and experience of each such expert; (c) the subject matter on which each such expert is expected to testify; (d) the substance of the facts and opinions to which each such expert is expected to testify; and (e) a separate summary of the grounds for each such opinion to be given by each such expert.

J. Statement re Disc. Disagreement ("JSDD"), Ex. C at 4. Plaintiff objected to the interrogatory and referred defendant to plaintiff's initial disclosures. JSDD 7.

On April 8, 2014, defendant deposed plaintiff, and on April 9, 2014, defendant deposed William Sabol, later identified in plaintiff's Expert Disclosures as a non-retained expert. JSDD, Ex. D (Sabol), Ex. F (plaintiff); Pl.'s Expert Discl., ECF No. 26. Defendant also deposed Heath Burreson on an unidentified date, but has not deposed Avinelis or Willems.

On July 2, 2014, the parties simultaneously filed their Rule 26(a)(2) Expert Disclosures pursuant to the deadline for expert disclosures. ECF Nos. 26-27. As in his initial disclosures,

plaintiff identified Avinelis, Willems, Heath Burreson and himself as "non-retained" experts, but also identified William Sabol. For each of these non-retained witnesses, plaintiff provides that "Pursuant to FRCP section 26 (2)(a)(b), as a non-retained expert witness, he is not required to, and has not prepared a written report, and he is not being paid for his testimony."

On July 7, 2014, defendant sent plaintiff an email objecting to his failure to identify the opinions of his non-retained experts and thus, his alleged failure to comply with Federal Rule of Civil Procedure 26(a)(2)(B) and (C). On July 11, 2014, and July, 15, 2014, the parties conferred about the discovery dispute but were unable to reach an agreement.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 26 requires parties to "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Generally, the disclosure regarding expert testimony is intended to allow the opposing party to have a reasonable opportunity to prepare for effective cross-examination and arrange for expert testimony from other witnesses. See Adv. Comm. Notes to 1993 Amendments. The Federal Rules contemplate two different classes of experts: those retained or specially employed to give expert testimony in a case, and witnesses who are not retained or specially employed but, nevertheless, may provide expert testimony. See Elgas v. Colorado Belle Corp., 179 F.R.D. 296, 298 (D. Nev. 1998) (citing Piper v. Harnischfeger Corp., 170 F.R.D. 173, 174 (D. Nev. 1997)). For experts "retained or specifically employed to provide expert testimony," the disclosure requirements are as follows:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).  Expert reports eliminate unfair surprise and conserve resources. Elgas, 179 F.R.D. at 299 (citation omitted).  The test under Rule 26(a)(2)(B) is "whether [the report is] sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions [ ] avoided, and costs are reduced."  Id.

The disclosure requirements of Rule 26(a)(2)(B) have, at times, led to tension regarding when disclosure is triggered.  In Goodman v. Staples The Office Superstore, LLC, 644 F.3d 817, 826 (9th Cir. 2011), the Ninth Circuit addressed the situation of "hybrid" experts and provided guidance regarding when one must prepare a Rule 26(a)(2)(B) report.  In that case, a treating physician, who was to testify as to whether a particular accident was the cause of the plaintiff's injuries, did not file a written report, as required by Rule 26(a)(2)(B).  The plaintiff had argued that because the physician had not been retained as an expert, there was no such obligation.  The Court of Appeals found that the nondisclosure created "obvious prejudice" because the defendant had made "decisions regarding defense experts under the belief that [the plaintiff's] non-medical experts would not be testifying in her case-in-chief" and the defendant's experts had "developed their opinions and wrote their reports without knowing the scope of [the plaintiff's] experts' opinions."  Id. at 827.  Accordingly, the Court held that "when a treating physician morphs into a witness hired to render expert opinions that go beyond the usual scope of a treating doctor's testimony, the proponent of the testimony must [provide a written Rule 26(2)(a)(B) report]."  Under the pre-2010 amendments to the Federal Rules of Civil Procedure, then, Goodman held that a hybrid expert is not required to make a Rule 26(a)(2)(B) report to the extent the treating physician's opinions are formed during the course of treatment and limited to the scope of treatment rendered, but when the opinions exceed the scope of treatment, a report is required. 644 F.3d at 826. [1]

In 2010, the Federal Rules of Civil Procedure were amended to add Rule 26(a)(2)(C), which addresses those situations involving non-retained percipient experts or "hybrid" experts who are not required to provide a written report.  Specifically, "if the witness is not required to

---

[1] Though Goodman was filed after the 2010 Amendments to the Federal Rules of Civil Procedures were published, it was heard and decided before their publication.

4

provide a written report, this disclosure must state: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected testify." See Fed. R. Civ. P. 26(a)(2)(C). These disclosure requirements were added "to mandate summary disclosures of the opinions to be offered by expert witnesses who are not required to provide reports under Rule 26(a)(2)(B) and of the facts supporting those opinions." See Adv. Comm. Notes to 2010 Amendments. The disclosures are designed to be "considerably less extensive" than those required under Rule 26(a)(2)(B) and courts "must take care against requiring undue detail." Id. Treating physicians or other health care professionals are primary examples of those who must be identified under Rule 26(a)(2)(A) and provide disclosures pursuant to Rule 26(a)(2)(C) as they may testify as both a fact and expert witness.

Once an individual is identified as a percipient or hybrid expert, the court must then inquire into the sufficiency of the specific disclosure of information pursuant to Rule 26(a)(2)(C). See Fed. R. Civ. P. 26(a)(2)(C). As indicated above, when identifying experts who are not retained or specially employed to provide an opinion for litigation, a party must state the "subject matter" on which the witness is expected to testify and "a summary of the facts and opinions" to which the witness is expected to testify. See Fed. R. Civ. P. 26(a)(2)(C).

Both the Rule 26(a)(2)(B) written report and the Rule 26(a)(2)(C) disclosure "share the goal of increasing efficiency and reducing unfair surprise." Brown v. Providence Medical Center, 2011 WL 4498824, at *1 (D. Neb. 2011). Once it is determined that a party has failed to provide information required by Rule 26(a), then "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). "The Ninth Circuit gives 'wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1),' which 'gives teeth' to the disclosure requirements." Gorrell v. Sneath, 2013 WL 4517902, at *2 (E.D. Cal. Aug. 26, 2013) (citations omitted).

////

////

DISCUSSION

The only question before is Court is whether expert opinions from plaintiff's "non-retained expert witnesses" should be precluded under Rule 37(c) as a sanction for non-compliance with the expert disclosure provisions of Rule 26(a)(2). The questions (1) whether any of these witnesses qualify as experts, (2) whether their anticipated opinions will be admissible at trial as expert opinions,[2] and (3) the admissibility and scope of their testimony apart from proffered expert opinions, are not before the court.

A.   <u>Avinelis and Willems</u>

Plaintiff did not file expert reports pursuant to Rule 26(a)(2)(B) for witnesses Avinelis and Willems. He contends that both witnesses are "non-retained" experts and that his disclosures satisfied the requirements of Rule 26(a)(2)(C).

As to Willems, plaintiff provided the following information in his Initial Disclosures:

> Mr. Willems is a farmer in the County of Fresno, and has vast experience in farming blueberries and in fact has blueberry fields separated by a mere dirt road. On one field he applied Pristine® while on the other field he did not. Therefore, this is a good test example of the cause and affects [sic] of Pristine® in that field, which received the application and was damaged, and suffered lack of production and shows the same symptoms of plaintiffs fields. He will testify that he was the first to see the fields of the plaintiff and recognized this as a potential plant growth regulator damage from Pristine® in light of the fact that he had previously experienced the same damage from the same product in his fields.

Pl.'s Init. Discl. ¶ 4, ECF No. 30-8 at 5.

He then provided the following additional information in his Expert Disclosures:

> Gregory Willems will testify on the proper method of planting blueberries, and the care of them, and what the reasonable production should have been on the blueberry fields of Plaintiff.

<u>See</u> Pl.'s Expert Discl. ¶ 3, ECF No. 30-3 at 2.

As to Avinelis, plaintiff provided the following summary in his Initial Disclosures:

> Tom is expected to testify regarding his background, qualifying him as an expert in the management and cultivation of crops, including blueberries, the cause and affect [sic] of the damage in this case. Further, he will testify that the label on the product is inappropriate

---

[2] <u>See</u> Fed. R. Evid. 702, 703, 705.

6

> and defective and misbrands the product, and the effects of plant growth regulators. He will testify on the symptoms of Pristine® damage to blueberry plants, and the damage that can be expected long-term and the need for replanting fields.

Pl.'s Init. Discl. ¶ 22, ECF No. 30-8 at 10.

He then provided the following summary in his Expert Disclosures:

> Mr. Avinelis will testify on the proper care and cultivation of blueberry bushes, in California and Oregon, the Plaintiff's method of farming of blueberries, and offer an opinion on what the reasonable expected production of blueberries from those fields should have been, and what the net profit should have been.

See Pl.'s Expert Discl. ¶ 4, ECF No. 30-3 at 2-3.

Plaintiff's primary basis for classifying these witnesses as "non-retained," and therefore exempt from the expert report requirement of Rule 26(a)(2)(B), is that neither will receive compensation for his testimony. Plaintiff provides no legal authority for the proposition that application of Rule 26(a)(2)(B) turns on whether the witness is paid, and the court rejects the argument. Expert witnesses, like attorneys, are "retained" when their services are secured, even when those services are provided on a pro bono basis. The dispositive question for present purposes is whether the witness's opinion was developed either for purposes of litigation or as part of the witness's duties as the party's employee. See Rule 26(a)(2)(B); Ordon v. Karpie, 223 F.R.D. 33, 36 (D. Conn. 2004) ("The fact that Dr. Winston is not being compensated for his testimony also does not exempt him from the report requirement.") Neither of these witnesses was an employee of plaintiff, but it appears that the witness's opinions were solicited for purposes of litigation and not for an independent purpose analogous to the diagnostic opinion of a treating physician. See Goodman, 644 F.3d at 826. Accordingly, the court rejects plaintiff's argument that these witnesses, to the extent they have developed expert opinions, are not subject to the report requirement of Rule 26(a)(2)(B).

Moreover, even if plaintiff were correct that Rule 26(a)(2)(C)'s lesser disclosure requirement applied, its standard has not been satisfied. The summary required by Rule 26(a)(2)(C) must include both a statement of the subject matter on which the witness is expected to offer an opinion and "a summary of the facts and opinions to which the witness is expected to

1  testify." The expert disclosures here are limited to descriptions of subject matter. They do not
2  include a summary of the witnesses' opinions. Specifically, plaintiff does not set forth either
3  witness's opinion of the best way to plant blueberries, what plaintiff's fields should have
4  produced, or what plaintiff's profits should have been. Accordingly, the disclosures are deficient
5  even if Rule 26(a)(2)(C) applied.

6  Plaintiff has now limited the scope of Willems' and Avinelis's proffered opinions to the
7  expected production for plaintiff's blueberry fields and the market price of those blueberries from
8  2006 to 2014. See JSDD at 20. These limitations do not cure the problem, because plaintiff fails
9  to include any "summary of the facts and opinions" sufficient to inform defendant of what the
10 expected production should have been and what the market prices were for any of the years
11 between 2006 and 2014.[3] "An opposing party should be able (and be entitled) to read an expert
12 disclosure, determine what, if any, adverse opinions are being proffered and make an informed
13 decision as to whether it is necessary to take a deposition and whether a responding expert is
14 needed." Cooke v. Town of Colo. City, 2013 WL 551508, at *5 (D. Ariz. Feb. 13, 2013); see
15 also Brown, 2011 WL 4498824 at *1 (observing that courts "will not place the burden on
16 Defendants to sift through medical records in an attempt to figure out what each expert may
17 testify to"). Plaintiff attempts to bypass his failure to provide sufficient summaries by asserting
18 that defendant should have contacted these individuals directly or served discovery on each of
19 them to get the substance of their opinions. The burden of disclosure is plaintiff's. No legal
20 authority suggests that it may be placed on defendant.

21 Plaintiff has not explained why his failure to comply with Rule 26(a)(2) was substantially
22 justified or harmless. Accordingly, it is appropriate to exclude expert opinions from these
23 witnesses as a sanction under Rule 37(c)(1). See Plumley v. Mockett, 836 F. Supp. 2d 1053,
24 1064 (C.D. Cal. 2010); Yeti By Molly, Ltd. V. Deckers Outdoor Corp., 259 F.3d 1101. 1105-06
25 (9th Cir. 2001). It is so ordered.

---

27 [3] Though plaintiff claims that the market prices for blueberries for 2014 season are as yet
28 unavailable, he does not provide any information regarding the market prices for the previous 7
years. JSDD at 20-21.

1  B.      William Sabol

2       William Sabol is plaintiff's lessee, and has been growing blueberries on plaintiff's land

3  since 2010.  Though plaintiff did not identify Sabol in his Initial Disclosures, see JSDD, Ex. G,

4  ECF No. 30-8, he did provide the following description of Sabol in his Expert Disclosures:

> William Sabol, will be called to testify as an expert in planting and care of blueberries, his observations of the blueberry fields, the plants' condition and production from 2010 to the present. He will testify as to his care of those fields and the production therefrom, and what reasonable production should have been from those fields. He will testify on testing he performed and had performed, the chemical products he applied or had applied to those fields. He will offer an opinion as to the cause of the damage to the plants, and the need for replanting the fields. His deposition has already been completed by the Defense on these subjects.

11  Pl.'s Expert Discl., ECF No. 26 at 3-4.[4]

12       It is undisputed that plaintiff did not submit a written expert report from Sabol pursuant to

13  Rule 26(a)(2)(B).  Plaintiff argues that he is not required to submit any information beyond that

14  contained in the Expert Disclosures because Sabol's deposition has already been taken and he has

15  already been questioned regarding his background, training, expertise, and opinions.  JSDD at 14-

16  15.  The court will generously construe this position as an argument that the failure to provide an

17  expert report is harmless, because Sabol's opinion was disclosed and explored in his deposition.

18       Plaintiff also contends that his disclosure regarding Sabol satisfies Rule 26(a)(2)(C).

19  Because the disclosure describes subject matter without summarizing any substantive opinion, the

20  court rejects this argument.  Moreover, plaintiff has not demonstrated that Sabol's purported

21  expert opinion falls within the purview of Rule 26(a)(2)(C) rather than Rule 26(a)(2)(B).

22       The Court finds that plaintiff has unjustifiably failed to comply with the requirements of

23  Rule 26(a)(2) as to this witness.  However, to the extent that Sabol was deposed regarding his

24  putative expert opinions,[5] the non-disclosure is harmless.

---

[4] The court notes at the outset that testimony regarding Sabol's care of the fields, his observations of the fields and of the plants' condition, testing he performed and the fields' productivity, does not constitute expert opinion testimony.  The only matters of opinion identified are the reasonably expected yields and causes of plant damage.

[5] The undersigned cannot determine from the deposition excerpts before the court whether Sabol actually testified to opinions that can fairly be characterized as expert opinions.

Defendant acknowledges that Sabol is free to testify to any facts about which he has personal knowledge, including his care of the fields from 2010 to the present, the production of the fields in those years, and the chemicals used and testing he performed on the fields. See Sabol Depo. 206:8-25, 256:2-13 (JSDD, Ex. D).  But defendant argues that any testimony or opinion beyond scope of his deposition is improper because plaintiff failed to provide the information required by Rule 26(a)(2)(C).  The Court agrees and limits Sabol's putative expert opinion testimony to that elicited during his deposition, if any.

C.     Dennis Burreson

In his Initial Disclosures, plaintiff provided the following information as to himself:

> Mr. Burreson is expected to testify regarding his background, qualifying him as an expert in the management in the cultivation of crops, including blueberries. Further, he will testify that he relied upon the label of the subject products, that the products were applied in conformity with the instructions on the label.
>
> He will also testify as to his visual observations of the effect on the plants, the testing that was performed to eliminate other potential causes for damage to the crop and plants, the accumulation of data to establish causation and damages, including but not limited to, photographs.
>
> He will also testify on the damages caused by the loss of the crop, the damage to the plants themselves, the expected loss in the future, and the need for replacing the blueberry fields and the cost of such. Further, Mr. Burreson will offer testimony on how the subject product worked as a plant growth regulator which caused damage to the plants and loss of crop.

Pl.'s Initial Discl. ¶ 1, ECF No. 30-8 at 1-2.

In his Expert Disclosures, plaintiff provided the following information:

> Dennis Burreson is expected to testify regarding his background, qualifying him as an expert in the management and cultivation of crops, including blueberries. His education and background in farming has been examined by the Defense during his deposition which has been completed.
>
> Further, he will testify that he relied upon the label of these subject products, claiming to be safe for use on blueberries. That the products were applied in conformity with the instructions on the label.
>
> He will also testify to his visual observations of the effect on the plants, and what the subject acres of blueberries should have

10

> produced. He will also testify on the damages caused by the loss in the crop, the damage to the plants themselves, the expected loss in the future, and the need for replacing the blueberry fields, and the cost of such.

Pl.'s Expert Discl. ¶ 1, ECF No. 26 at 1-2.

As with the other non-retained witnesses, plaintiff did not submit an expert report pursuant to Rule 26(a)(2)(B) and has failed to convincingly justify this failure. To the extent plaintiff argues that plaintiff is a hybrid expert and that his disclosures under Rule 26(a)(2)(C) are proper, the Court finds that plaintiff has again failed to submit a summary of plaintiff's opinions sufficient to satisfy this Rule. Accordingly, as a sanction for non-compliance with Rule 26(a)(2), the Court will limit plaintiff's putative expert opinion testimony to that elicited during his deposition, if any.

D.   <u>Heath Burreson</u>

In his Initial Disclosures, plaintiff provided the following information as to Heath Burreson:

> Heath will testify on background qualifying him as a non-retained expert in the management and cultivation of crops including blueberries. He will also testify on how he relied upon the label, and how the product was applied according to that label to the subject blueberry fields. He will testify as to his visual observations of the effect on the plants, the testing that was performed to eliminate other potential causes for the damage to the crop, and plants, the accumulation of data to establish causation and damages, including but not limited to, photographs, and a test performed by Dr. Julian Whaley. He will also testify on damages caused by the loss in crop, the damage to the plants requiring a replacement of the fields. He will also testify on the monetary damage that has been created by the application of the product which damaged the plants and the crop.

Pl.'s Initial Discl. ¶ 2, ECF No. 30-8 at 4.

In his Expert Disclosures, plaintiff provided the following information:

> Heath Burreson is Dennis' son and manages the fields on a daily basis. His education and experience background has been established through his deposition which has been completed by the Defense. Heath will testify on the method of planting used when the blueberry fields were created, and how those fields were cared for, the investigation he did before planting blueberries to determine the best method of planting and caring for the blueberry fields. He will

> also testify to his visual observations of the effect on the plants from Pyraclostrobin, the efforts made by he and Dennis Burreson to determine the cause, what production was, and what the subject acres of blueberries should have produced. His deposition has already been completed by the Defense on these subjects.

Pl.'s Expert Discl. ¶ 2, ECF No. 26 at 2.

Again, as with the other "non-retained" witnesses, plaintiff did not submit an expert report pursuant to Rule 26(a)(2)(B) and has failed to convincingly justify this failure. To the extent plaintiff argues that plaintiff is a hybrid expert and that his disclosures under Rule 26(a)(2)(C) are proper, the Court finds that plaintiff has again failed to submit a summary of plaintiff's opinions sufficient to satisfy this Rule. Accordingly, as a sanction for non-compliance with Rule 26(a)(2), the Court will limit Heath Burreson's putative expert opinion testimony to that elicited during his deposition, if any.[6]

Based on the foregoing, IT IS HEREBY ORDERED that defendant's July 21, 2014 motion to preclude plaintiff from eliciting opinion testimony from certain expert witnesses (ECF No. 28) is granted as consistent with this order.

DATED: August 22, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[6] Each of the five identified witnesses may, of course, testify as fact witnesses to the extent permitted by the trial judge. A fact witness is a witness whose testimony must be: "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.